UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW POST, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Case No.  4:21-cv-01113-SRC |
| | ) | |
| SHER & SHABSIN, P.C., | ) | |
| | ) | |
| Defendant(s). | ) | |

**Memorandum and Order**

Under the guise of a motion to stay arbitration, Andrew Post seeks reconsideration of the Court's order granting Sher & Shabsin's Motion to Compel Arbitration and staying the case. Because Post's motion repeats arguments the Court already rejected and raises legal arguments that he could have raised (but did not) in response to the original motion to compel arbitration, the Court denies Post's motion.

**I.      Background**

Post sued Sher & Shabsin in state court, alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d–f.  Doc. 1-1.  Invoking federal-question jurisdiction, Sher & Shabsin removed the case, Doc. 1, then moved to compel arbitration, Doc. 11.  After Post responded, Doc. 15, and Sher & Shabsin replied, Doc. 16, the Court granted the motion to compel arbitration and stayed the case.  Doc. 17.  The Court ordered the parties to provide a joint status report by February 22, 2022, regarding the progress of arbitration proceedings.  *Id.* at p. 8.

After reviewing the parties' separate status reports, Docs. 18 and 19, the Court concluded that "it appears that Plaintiff no longer seeks to prosecute this case in conformance with the

Court's Memorandum and Order compelling arbitration," and stated that "if by no later March 25, 2022, Plaintiff fails to prosecute this case in conformance with that Memorandum and Order, the Court will dismiss this case for failure to prosecute." Doc. 21. The following day, Post filed a motion to stay arbitration, Doc. 22, and requested a hearing on the issue, Doc. 24. Sher & Shabsin replied. Doc. 25.

Copies of emails between the parties that Sher & Shabsin provided to the Court as exhibits attached to Doc. 27 indicate that on March 21 counsel for Sher & Shabsin emailed Post's counsel about the upcoming joint status report deadline. Doc. 27-1 at p. 4. Post's counsel replied, asking to see Sher & Shabsin's counsel's draft. *Id.* at p. 3. After counsel for Sher & Shabsin responded by stating that traditionally plaintiffs circulate the first draft, *id.*, Post's counsel replied: "[b]e my guest." *Id.* at p. 2.

On March 23, counsel for Sher & Shabsin sent another email, suggesting that Post's counsel draft the report, and then counsel for Sher & Shabsin would add its position and send the draft back for review. *Id.* at p. 1. Post's counsel responded with an email explaining that his client did not have money for arbitration and stating: "why or how the Judge ordered arbitration in this case blows my mind." *Id.* At 2:19 p.m. on March 23, Post's counsel sent Sher & Shabsin's counsel a draft of Doc. 26., *id.*, but then then filed Doc. 26 at 12:38 a.m. on March 24 without hearing back from counsel for Sher & Shabsin. Doc. 27 at p. 3.

The heading on Doc. 26 indicates that it is a "join status report." In the report, Post represents that the parties discussed the matter and that the document was a joint status report that "incapsulates the parties understanding of the status of arbitration." Doc. 26. The report only contains Post's counsel's signature—though the signature block says "attorney for defendant." *Id.*

Later that day, Sher & Shabsin filed Doc. 27, informing the Court that Doc. 26 was not a "joint status report" because Sher & Shabsin had not approved it, and that Doc. 26 "contained multiple material misstatements" and does not "incapsulate" Sher & Shabsin's position because Sher & Shabsin would have added more infomation.  Doc. 27 at pp. 1, 4.  Sher & Shabsin asked the Court to sanction Post for his "inappropriate and misleading filing."  *Id.* at p. 1.

An hour-and-a-half after Sher & Shabsin filed Doc. 27, Post filed Doc. 28, now with the heading "Plaintiff's Report" but still with the same intro paragraph: "comes now Plaintiff Andrew Post ("Post") and Defendant, Sher & Shabsin and provides the following joint status report to the Court."  Doc. 28 at p. 1.  Doc. 28 is identical to Doc. 26, except for paragraph 5, where Post adds his version of the events leading up to his filing of Doc. 26. and includes the statement:  "Plaintiff's counsel hopes Defendant's counsel gets the rest she so obviously is in need of," and Post's statement in paragraph 6 that "[t]he parties respectfully submits [sic] this Plaintiff's Report" (instead of "joint status report" in Doc. 26).

**II.  Standard**

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (citation omitted).  However, Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

"The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of

3

Civil procedure 60(b). *Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada*, No. 00-CV-1073, 2011 WL 1599550, at *1 (E.D. Mo. Apr. 27, 2011). "A court may reconsider an interlocutory order to 'correct any clearly or manifestly erroneous findings of fact or conclusions of law.'" *Id.* (quoting *Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008)).

However, "[t]he scope of the motion for reconsideration is critical . . . . A motion for reconsideration is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111–12 (8th Cir. 2019) (quoting *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015)). "Nor may a motion for reconsideration serve to introduce evidence that the movant could have produced before the district court decided the prior motion." *Id.* (citing *Julianello*, 791 F.3d at 922); *see also Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (stating that motions for reconsideration cannot be used to introduce new evidence or legal theories that "could have been adduced during pendency of the [relevant] motion" (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987))). "A district court does not abuse its discretion in denying a motion for reconsideration used for such an 'impermissible purpose.'" *SPV-LS, LLC*, 912 F.3d at 1111 (quoting *Julianello*, 791 F.3d at 923).

**III.   Discussion**

"According to the Eighth Circuit, a district court's order compelling arbitration and staying a proceeding . . . is not appealable as a final judgment." *Easter v. Compucredit Corp.*, No. 08-CV-1041, 2009 WL 1286509, at *1 (W.D. Ark. May 7, 2009) (citing *ON Equity Sales Co. v. Pals*, 528 F.3d 564, 568 (8th Cir. 2008)). Such is the case here—the Court's order granting the motion to compel arbitration, and staying the case pending the outcome of

4

arbitration, Doc. 17, is not a final judgment.  *See* Fed. R. Civ. P. 54 (defining a judgment as "a decree and any order from which an appeal lies").  Consequently, the Court construes Post's motion to stay arbitration, Doc. 22, as a motion under Rule 54(b), which the Court may not grant if it merely "identif[ies] facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending."  *SPV-LS, LLC*, 912 F.3d at 1111; *see also Julianello*, 791 F.3d at 923 n.3 (agreeing that applying Rule 54(b) was appropriate where the district court "had not yet entered final judgment on any of plaintiffs' claims when the plaintiffs filed the motion for reconsideration").

After careful review of the parties' memoranda and the applicable law, the Court concludes that Post seeks to use his motion, Doc. 22, for the "impermissible purpose" of introducing new arguments that he could have raised earlier in his response to Sher & Shabsin's motion to compel arbitration.  *See SPV-LS, LLC*, 912 F.3d at 1111; *Hagerman*, 839 F.2d at 414.  For that reason, the Court denies the motion.

Of great concern to the Court, Post's counsel has failed to follow the Court's orders regarding arbitration, and has filed one or more documents purporting to be "joint" reports but without consent of opposing counsel.  Docs. 17, 26, 28.  While Post and his counsel may freely disagree with the Court, they may not blithely disregard the Court's orders.  The Court therefore orders Post and his counsel to show cause why the Court should not sanction them and should not dismiss the case for failure to prosecute.

## IV.    Conclusion

The Court denies Post's [22] Motion to Stay Arbitration and his [24] Request for a Hearing.  The Court further orders Post, and his counsel, to show cause in writing no later than May 20, 2022, why the Court should not sanction them for failure to follow the Court's orders

5

regarding arbitration, and for filing one or more documents purporting to be "joint" reports but without consent of opposing counsel.

    So Ordered this 6th day of May 2022.

                                                  _____
                                                  STEPHEN R. CLARK
                                                  UNITED STATES DISTRICT JUDGE